By the fifth section of the act for incorporating the town of West Boylston, (1) which has given rise to so much discussion in this Court, it is provided, that “ the said town of West Boylston shall receive and support four tenths of the poor persons now chargeable to the town of Boylston.” In pursuance of this provision, these towns, soon after the passing of the said act, agreed to a division of the persons then chargeable as paupers, and the said Daniel Stone, with his wife, and their children then living, were assigned to, and *241 received and supported by, the town of West Boylston. The settlement of the said Daniel in Boylston was not gained by living on that part of the territory of that town which was afterwards included in West Boylston. The children, for the expense of whose support the said action was brought, were born after the said division of the poor of Boylston. Upon these facts, which were found specially by the jury in the court below, that court adjudged that, by virtue of said act of incorporation, and the proceedings of said towns in pursuance thereof, the legal settlement of the said Daniel Stone was transferred from Boylston to West Boylston; * so that his children thereafter born would have a derivative settlement from him in West Boylston; and thereupon the defendants had judgment for their costs.
The judgment was now reversed, upon the ground that the receiving of Daniel Stone and his children, under the provision of the act of incorporation, and the agreement of the two towns with the view of carrying the same into effect, did not alter the legal settlement of him or his children, but was merely a matter of contract between the two towns.
Lincoln for the plaintiffs in error.
Hastings and Burnside for the defendants in error, (a)

 Stat. 1807, c. 48.

 Westborougk vs. Franklin, ante, 254.